## Floyd D. Ellsworth, Appellee, v. Edward Broch and Mary Broch, Appellants.

### Gen. No. 28,328.

1. FORCIBLE ENTRY—*sufficiency of appeal record to show location of premises.* On appeal from a judgment for plaintiff in an action of forcible detainer, defendants will not be permitted to contend that the proof made did not show that the premises were in Chicago, the proof being merely that the premises were at 1900 West Washington Boulevard, though the complaint and summons described the premises as "No. 1900 West Washington Blvd., Chicago, Ill.," where the record fails to show that any objection was made at the trial that the proof failed to show that the premises were located in Chicago.

2. FORCIBLE ENTRY—*damages for dilatory appeal.* Cahill's Ill. St. ch. 33, ¶ 23, providing for the assessment of statutory damages when an appeal is prosecuted for delay only refers to a money judgment and is not applicable to a judgment for possession in an action of forcible detainer.

Appeal by defendants from the Municipal Court of Chicago; the Hon. SAMUEL H. TRUDE, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1923. Affirmed. Opinion filed April 30, 1924.

L. H. CRAIG, for appellants.

ZIMMERMAN & MELNICK, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

The plaintiff brought an action of forcible detainer against the defendants to obtain possession of the premises known as "No. 1900 West Washington Blvd., Chicago, Ill. (being the premises and building now occupied by the defendant)" claiming that the defendants wrongfully withheld the possession of such premises from him. The case was tried before a judge and jury, and at the close of the evidence there was a directed verdict in favor of plaintiff, finding the defendants guilty of wrongfully withholding from plaintiff the premises described in the complaint and that the right to the possession of the premises was in the plaintiff. Judgment was entered on the verdict and the defendants appeal.

The only ground for reversal urged by the defendants is that while the complaint and summons describe the premises as "No. 1900 West Washington Blvd., Chicago, Ill." the only proof is that the premises were located at "1900 West Washington Blvd." and that the court will not take judicial notice that this location is within the City of Chicago. When the written lease of the premises made by the plaintiff to the defendants was offered in evidence, it was objected to on the ground that the premises therein described were not

the same as those mentioned in the complaint and summons. The lease described the property and house as "No. 1900 West Washington Blvd." The defendant testified on the trial that after he received the lease in question he took possession of the premises at "1900 Washington Boulevard" and was still occupying them. Proof was also made of default in payment of rent. No proof was, however, made that the premises were located in Chicago, Illinois. No such question was asked any of the witnesses. How counsel for plaintiff could overlook this fact in view of the record, we are unable to understand, but the record fails to disclose that on the trial any objection was made by counsel for the defendants specifically pointing out that the proof failed to show that the premises were located in Chicago. In these circumstances, we think the defendants ought not be permitted to contend in this court, as they seek to do; that the proof made, does not show that the premises were in Chicago.

It is clearly apparent that this appeal is prosecuted purely for delay. There is no merit in it. Counsel for plaintiff makes this argument and asks this court to assess statutory damages against the defendants because the appeal is clearly prosecuted for delay, and in support of this cite Hurd's Rev. St. ch. 32, sec. 22 and Jones & Addington, sec. 2737. Section 22 cited from Hurd's Rev. St. has to do with directors of a corporation and there is no such section as No. 2737 in Jones & Addington, but counsel apparently referred to paragraph of that number. The statute counsel apparently had in mind was sec. 23, ch. 33, Hurd's Rev. St. [Cahill's Ill. St. ch. 33, ¶ 23] which is as follows: "In every such case, if the judgment or decree be affirmed in the whole, the party prosecuting such writ of error or appeal shall pay to the opposite party a sum not exceeding ten per centum on the amount of the judgment or decree so attempted to be reversed, at the discretion of the court, and in addition

to the costs shall have judgment and execution therefor: *Provided,* the supreme court shall be of opinion that such appeal or writ of error was prosecuted for delay.'' That section has no application here, although it is apparent that the appeal was prosecuted for delay. The section quoted refers to a money judgment and not a judgment for possession as in the instant case.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

TAYLOR, P. J. and THOMSON, J. concur.